Filed 2/21/24  P. v. Fox CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIAM GENE FOX,<br><br>    Defendant and Appellant. | C097901<br><br>(Super. Ct. Nos. 17CR000223,<br>19CR000342) |

Appointed counsel for defendant William Gene Fox asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgments.

I

In July 2018, defendant agreed in Tehama County case No. 17CR000223 (the fire case) to an open plea deal in which he pleaded guilty to criminal threats (Pen. Code, § 422, subd. (a))[1] and unlawfully causing a fire on a structure or forest land (§ 452,

---

[1] Undesignated statutory references are to the Penal Code.

1

subd. (c)) in exchange for dismissal of other counts with a *Harvey* waiver.[2]  The parties stipulated that a Cal Fire report and preliminary hearing transcript provided the factual basis for the plea.  Those documents, summarized in the probation report, indicated that defendant had a dispute with squatters on his property, threatened and assaulted one of them, and lit the area on fire.

The Probation Department recommended formal probation in light of the circumstances on defendant's own property and because defendant had been diagnosed with post-traumatic stress disorder from witnessing his father's murder as a child.  Although defendant would otherwise have been ineligible for probation absent an unusual circumstance finding due to his prior felony convictions, the trial court found unusual circumstances.  The trial court suspended imposition of sentence and placed defendant on formal probation for five years with various terms and conditions, including participation in Behavioral Health Court.  It imposed various fines and assessments and awarded one day of presentence credit with no additional jail time.  In February 2019, probation filed a petition to revoke probation in the fire case, alleging that defendant tested positive for methamphetamine and marijuana and possessed ammunition.

In April 2019, defendant agreed to an open plea deal in Tehama County case No. 19CR000342 (the ammunition case) in which he pleaded guilty to unlawful possession of ammunition as a felon (§ 30305, subd. (a)(1)) in exchange for dismissal of a prior strike conviction allegation.  The parties stipulated that probation reports provided the factual basis for the plea.  According to those reports, while conducting a probation search of defendant's property in February 2019, probation officers found a backpack in plain view containing a box of 68 live rounds of .380-caliber ammunition in the trailer where defendant lived.  Defendant also waived a probation violation hearing in the fire

---

[2]  *People v. Harvey* (1979) 25 Cal.3d 754.

case, admitted the alleged probation violations, and stipulated to a factual basis. The trial court found him in violation of probation.

In the fire case, the trial court imposed the upper term of three years for the criminal threats, plus a consecutive eight months (one-third the midterm) on the two counts of unlawfully causing a fire. In the ammunition case, the trial court imposed a consecutive eight months (one-third the midterm) for unlawful ammunition possession. Finding unusual circumstances in both cases, the trial court suspended execution of sentence, placed defendant on formal probation for five years under various terms and conditions, including participation in the Behavioral Health Court program. It ordered defendant to serve 180 days in county jail in the fire case, with 216 days of presentence credit (108 actual days and 108 conduct days), and it ordered a consecutive 90 days in jail in the ammunition case with no credit.

In July 2019, the parties agreed the trial court should remove defendant from the Behavioral Health Court program, and the trial court placed defendant on formal probation for five years with modified terms. In December 2020, the trial court extended probation to May 2024 in both cases under the same terms and conditions as previously imposed.

In January 2021, probation filed a second petition for revocation of probation in the fire case and a first petition to revoke probation in the ammunition case, each alleging that defendant battered his former girlfriend.

In Tehama County case No. 20CR3062 (the battery case), a jury found defendant guilty of battery of a cohabitant or girlfriend (§ 243, subd. (e)). The trial court separately found defendant in violation of probation.

In January 2023, the trial court revoked, terminated, and declined to reinstate probation in the fire and ammunition cases. For the fire, ammunition, and battery cases, it imposed an aggregate sentence of four years in state prison. In the fire case, it imposed the middle term of two years in state prison for the criminal threats conviction, plus

3

consecutive 8-month terms (one-third the midterm) for the two unlawful burning convictions. It imposed various fines and assessments and awarded defendant 296 days of presentence credit (148 actual and 148 conduct). In the ammunition case, it imposed a consecutive 8-month term (one-third the midterm) for unlawful ammunition possession. It also imposed various fines and assessments. And in the battery case, the trial court imposed a concurrent one-year term for misdemeanor battery of a spouse or cohabitant. It imposed two assessments.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgments in Tehama County case Nos. 17CR000223 and 19CR000342 are affirmed.

/S/

MAURO, Acting P. J.

We concur:

/S/

BOULWARE EURIE, J.

/S/

MESIWALA, J.

4